1  John W & Cynthia L Ferguson
2  202 White Bluff Dr
3  Guyton, GA 31312

4

5  UNITED STATES DISTRICT COURT
6  SOUTHERN DISTRICT OF GEORGIA

| John W & Cynthia L Ferguson | Case # **CV410 174** |
|---|---|
| Plaintiff, | |
| vs. | **PETITION FOR RESTRAINING ORDER** |
| Aurora Loan Services | |
| Defendant | |

7

8  Date: August 2, 2010

9  Comes now John W & Cynthia L Ferguson, hereinafter referred to as "Petitioner," and moves
10 the court for relief as herein requested:

11 **PARTIES**

12 Petitioner is John W & Cynthia L Ferguson, 202 White Bluff Dr Guyton, GA 31312.

13 Currently Known Defendant(s) are/is:  Aurora Loan Services, 2617 College Park Dr,
14 Scottsbluff, NE 69361.

15     Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from
16 foreclosing on the property owned by Plaintiff. Fed. R. Civ. P. 65(b)(1); *see Sampson v. Murray*,
17 415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).

18     There is no adequate remedy at law because once the foreclosure sale has taken place
19 Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third
20 party who will have a right to possession without regard to the claims Plaintiff has against
21 defendant. {*See N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306, 105 S.
22 Ct. 459, 459 (1984); *Wilson v. Ill. S. Ry. Co.*, 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04
23 (1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89*, 879 F. Supp. 719,
24 725 (W.D. Ky. 1995.

25  There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*,
26  403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that:

27  Defendant has no agency to represent the real party in interest;

28  • that the alleged real party in interest is unable to prove standing to foreclose against
29  and sell the property;

30  • that the lender committed numerous acts, as listed above, that have the effect of
31  rendering the contract, through which defendant claims authority, void and
32  unenforceable.

33  The threatened harm to plaintiff outweighs the harm that a preliminary injunction would
34  inflict on defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from
35  selling the instant property, the defendant an plaintiff will befit as if plaintiff is forced to vacate
36  the property, the property will sit empty for the duration of the action. Plaintiff will suffer loss of
37  the use of said property and will loose opportunity to maintain same and defendant will suffer
38  loss by having to maintain an empty property that cannot be insured.

39  Issuance of a preliminary injunction would not adversely affect the public interest and public
40  policy because there are already a great number of empty houses with the current residential
41  foreclosure mess. Adding more will simply increase the burden on the local as it will create
42  opportunity for vandalism and further other criminal activity.

43  Plaintiff is willing to post a bond in the amount the court deems appropriate.

44  The court should enter this preliminary injunction without notice to defendant because
45  plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted
46  before defendant can be heard as **defendants has schedule the sale of the property for August**
47  **3rd, 2010.** *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said sale is
48  allowed to take place, Plaintiff will be irreparably harm

49  Plaintiff asks the court to set the request for a preliminary injunction for hearing at the
50  earliest possible time.

## CONCLUSION

For these reasons, plaintiff asks the court to issue a temporary restraining order preventing defendant from foreclosing on the property.

## PRAYER

15. For these reasons, plaintiff asks that the court do the following:

    a. Defendant be prevented from foreclosing on and selling the property until and unless defendant prevails in the current litigation.

    b. Enter judgment for plaintiff.

    c. Award costs of court.

    d. Grant any other relief it deems appropriate.

Respectfully Submitted,

John W & Cynthia L Ferguson

John W & Cynthia L Ferguson
202 White Bluff Dr
Guyton, GA 31312

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **John W & Cynthia L Ferguson** <br><br> Plaintiff, <br><br> vs. <br><br> **Aurora Loan Services** <br><br> Defendant | Case # _____ <br><br><br> **RESTRAINING ORDER** |

Date: _____

Comes now John W & Cynthia L Ferguson, hereinafter referred to as "Petitioner," and moves the court for relief as herein requested:

### PARTIES

Petitioner is John W & Cynthia L Ferguson, 202 White Bluff Dr Guyton, GA 31312.

Currently Known Defendant(s) are/is: Aurora Loan Services, 2617 College Park Dr, Scottsbluff, NE 69361.

After considering Petitioner's application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the court finds there is evidence that harm is imminent to Petitioner, and if the court does not issue the temporary restraining order, Petitioner will be irreparably injured because Petitioner's application is not granted, harm is imminent and irreparable if Defendants are allowed to proceed with foreclosure, Defendants will foreclose and liquidate Petitioner's primary residence and leave Petitioner with no home. Petitioner has no place to move or reside due to the cost of litigation and financial distress caused in part by the fraud of Defendants pleadings here. There is no adequate remedy at law to calculate damages to Petitioner if Petitioner is removed from residence and made homeless.

Therefore, the court orders the following:

113  Aurora Loan Service by and through its attorney, is restrained from further proceedings on the
114  issue of foreclosure and sale for which there is a challenge to the standing of Defendants to
115  prosecute foreclosure.

116  The clerk is ordered to issue notice to Defendant, that the hearing on Petitioner's application for
117  temporary injunction is set for _____, 20___, at _____ a.m./p.m. The purpose of the
118  hearing shall be to determine whether this temporary restraining order should be made a
119  temporary injunction pending a full trial on the merits.

120      This order expires on _____, 201__.

121

122  SIGNED on _____, 2010, at _____ a.m./p.m.

123
124                                         PRESIDING JUDGE

125
126

## VERIFICATION

I, John W & Cynthia L Ferguson, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

John W & Cynthia L Ferguson
202 White Bluff Dr
Guyton, GA 31312

SWORN TO AND SUBSCRIBED BEFORE ME John & Cynthia Ferguson by LeAnn Huyser _____, on the 2 day of Aug, 2010, which witnesses my hand and seal of office.

_____
**NOTARY PUBLIC IN AND FOR THE STATE OF GEORGIA**

[Notary seal: LEANN M. HUYSER, NOTARY PUBLIC, EFFINGHAM COUNTY, GA, EXPIRES AUG 16, 2010]