John W & Cynthia L Ferguson
202 White Bluff Dr
Guyton GA 31312

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2010 AUG -2 AM 11: 31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

CV410-174

| | |
|---|---|
| **John W & Cynthia L Ferguson**<br><br>Plaintiff,<br><br>vs.<br><br>**Aurora Loan Services**<br><br>Defendant | Case # _____<br><br><br>MEMORANDUM IN SUPPORT OF<br>REQUEST FOR TEMPORARY<br>RESTRAINING ORDER |

Date: August 2, 2010

Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from foreclosing on the property owned by Plaintiff. *Fed. R. Civ. P. 65(b)(1); see Sampson v. Murray, 415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).*

Plaintiff requests a temporary restraining order which prevents the sale of his home pursuant to a non-judicial foreclosure proceeding. While Plaintiff accepts and understands that the court must be mindful of its obligation to promote comity between state and federal judicial bodies and should "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings" *Aaron v. Target Corp., 357 F. 3d 768 (8th Cir. 2004).* Courts use the doctrine developed in *Younger v. Harris, 401 U.S. 37 (1971),* to carry out this policy. Under Younger, a federal court should abstain from jurisdiction " when:

1. there is an ongoing state judicial proceeding which

2. implicates important state interests, and

21       3.   that proceedings affords an adequate opportuinity to raise the federal questions
22            presented." <u>Narwood v. Dickey, 409 f.3d 901, 903 (8th cir 2005) (quoating Fuller</u>
23            <u>v. Ulland, 76 F. 3d 957, 959 (8th Cir. 1996)</u>

24    In the instant case, none of the above in implicated as the foreclosure Plaintiff seeks
25 protection from involves a non-judicial foreclosure and, therefore, no state judicial proceedings
26 will be effected by the relief sought herein.

27    There is no adequate remedy at law because once the foreclosure sale has taken place
28 Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third
29 party who will have a right to possession without regard to the claims Plaintiff has against
30 defendant. {See *N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306, 105 S.
31 Ct. 459, 459 (1984); *Wilson v. Ill. S. Ry. Co.*, 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04
32 (1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89*, 879 F. Supp. 719,
33 725 (W.D. Ky. 1995.

34    Plaintiff is mindful of the standards set forth by <u>*Dataphase Sys., Inc, v. C.L. Sys., 640 F2d*</u>
35 <u>*109 (8<sup>th</sup>Cir. 1981), apply to Plaintiff's motion. In Dataphase,*</u> the court, en bqanc, clarified the
36 factors district courts should consider when determining whether to grant a motion for
37 preliminary injunctive relief:

38      1. the threat of irreparable harm t the movant;
39      2. the state of balance between this harm and the injury that granting the injunctgion will
40         inflict on the other parties litigant;
41      3. the probability that movant will succeed on the merits; and
42      4. the public interest.

43    There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*,
44 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that:

45      1. Defendant has no agency to represent the real party in interest;
46      2. that the alleged real party in interest is unable to prove standing foreclose against the
47         property;
48      3. that the lender committed numerous acts, as listed above, that have the effect of
49         rendering the contract, through which defendant claims authority, void and
50         unenforceable.

51    The threatened harm to plaintiff outweighs the harm that a preliminary injunction would
52 inflict on defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from

53 selling the instant property, the defendant an plaintiff will befit as if plaintiff is forced to vacate
54 the property, the property will sit empty for the duration of the action. Plaintiff will suffer loss of
55 the use of said property and will loose opportunity to maintain same and defendant will suffer
56 loss by having to maintain an empty property that cannot be insured.

57 Issuance of a preliminary injunction would not adversely affect the public interest and public
58 policy because there are already a great number of empty houses with the current residential
59 foreclosure mess. Adding more will simply increase the burden on the local as it will create
60 opportunity for vandalism and further other criminal activity.

61 Plaintiff is willing to post a bond in the amount the court deems appropriate.

62 The court should enter this preliminary injunction without notice to defendant because
63 plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted
64 before defendant can be heard as **defendant has scheduled the above referenced sale for**
65 **August 3rd, 2010.** *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said
66 sale is allowed to take place, Plaintiff will be irreparably harm

67 Plaintiff asks the court to set the request for a preliminary injunction for hearing at the
68 earliest possible time.

69 **Respectfully Submitted,**
70
71 _____  _____
72 John W Ferguson         Cynthia L Ferguson