# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHN W. FERGUSON and<br>CYNTHIA L. FERGUSON,<br><br>    Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES,<br><br>    Defendant. | Case No. CV410-174 |

# ORDER

## I.   PROCEEDING IN FORMA PAUPERIS

Plaintiffs seek leave to proceed in forma pauperis ("IFP") in this Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, home foreclosure case. (Doc. 7.) Their initial IFP application was denied, since they did not respond to several questions on the IFP form. (Doc. 6.)

Plaintiffs' most recent IFP application specifies that John receives $1,095 per month in social security benefits and Cynthia has earned $9,894.67 over the past twelve months from her now defunct business.

(Doc. 7 at 1.) Their checking account has a negative balance, and they owe more on their vehicle than it is worth. (*Id.* at 2.) Their monthly expenses exceed their income, they have nearly $16,000 in credit card debt, and they care for their stay at home son. (*Id.*) Since plaintiffs cannot afford to pay the Court's $350 filing fee without undue hardship, their IFP motion is **GRANTED**.

## II.   SERVICE OF PROCESS

Now that the case is before the Court, some other matters must be addressed. In the time between submitting their August 2, 2010 complaint and furnishing an acceptable IFP application, certain of their motions have become moot. Plaintiffs sought both a preliminary injunction and a temporary restraining order preventing the August 3, 2010 foreclosure sale of their home. (Docs. 2, 3, & 5.) Since August 3, 2010 has come and gone, those motions (docs. 2 & 3) are **DENIED** as moot. Plaintiffs, however, must serve defendant so that the case may proceed as to their remaining claims.

Plaintiffs may request service by U.S. Marshal, since they have been authorized to proceed in forma pauperis. Fed. R. Civ. P. 4(c)(3); *see Nagy v. Dwyer*, 507 F.3d 161, 163-64 (2d Cir. 2007) (IFP plaintiff not

entitled to *automatic* appointment of United States Marshal to effect service of summons and complaint absent affirmative request). If they want the Marshal to serve their complaint, they must submit a motion for service by Marshal that includes the name and address of the defendant, and they should attach to that motion additional service copies of their complaint.

Alternatively, plaintiffs may serve the defendant themselves by notifying the defendant by mail of the commencement of the civil action against it and request that it waive formal service of a summons. Fed. R. Civ. P. 4(d)(1). Plaintiffs should use Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons), which they may obtain online or from the Clerk of this Court, if they wish to secure a waiver of service from the defendant. After completing the forms, plaintiffs should mail the forms and a copy of their complaint to an officer (or a managing or general agent) of Aurora Loan Services. Alternatively, plaintiffs may effect personal service upon Aurora pursuant to Rule 4(h).

Plaintiffs are advised that they must effect service, or secure the appropriate waiver of service of the summons, within 120 days after the

filing of their complaint. Fed. R. Civ. P. 4(m). Plaintiffs therefore must immediately proceed to effect proper service upon, or secure a waiver of service from, defendant. The Court will now issue some additional instructions.

## III. FURTHER INSTRUCTION

It is further **ORDERED** that plaintiffs shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiffs shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or its counsel. Fed. R. Civ. P. 5. "Every pleading must have a caption with the court's name, a title, [and] a file number." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk and which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiffs are charged with the responsibility of immediately informing this Court of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of

this case. Local Rule 41.1.

Plaintiffs are responsible for pursuing this case. For example, if plaintiffs wish to obtain facts and information about the case from defendant, they must initiate discovery. *See generally* Fed. R. Civ. P. 26, *et seq.* Plaintiffs do not need the permission of the Court to begin discovery. However, under Rule 26(f), plaintiffs are under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f). If plaintiffs do not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

Interrogatories and requests for the production of documents provide a practical method of discovery for pro se litigants. Fed. R. Civ. P. 33, 34. Interrogatories and requests for production may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as defendants. Interrogatories and requests for production *shall not be filed with the court*. Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P. 33(a)(1). If plaintiffs wish to propound more than twenty-five

5

interrogatories to a party, plaintiffs must have permission of the Court. *Id.* In a request for production, plaintiffs may request the opposing party to produce any designated documents for the purpose of inspection and copying. The request must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1). The request should specify a reasonable time and place (such as defendant's place of business) for making the inspection. *Id.*

Should it become necessary to file a motion to compel discovery under Fed. R. Civ. P. 37, plaintiffs should first contact the attorney for defendant to try to work out the problem; if the problem cannot be resolved, plaintiffs must file a statement certifying that opposing counsel has been contacted in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(1). Plaintiffs have the responsibility for maintaining their own records of the case. If plaintiffs loses papers and needs new copies, plaintiffs may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page or download from the online docket through PACER.

It is the plaintiffs' duty to cooperate fully in any discovery which may be initiated by the defendant. Evasive or incomplete responses to discovery will not be tolerated and may subject plaintiffs to severe sanctions, *including dismissal of this case*. Should the defendant endeavor to take plaintiffs' depositions, plaintiffs shall permit their depositions to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

## IV.   ADDITIONAL INSTRUCTIONS

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if plaintiffs fail to respond to a motion to dismiss, the Court will assume that plaintiffs do not oppose defendant's motion.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in

the defendant's statement of material facts will, if evidentially supported, be deemed admitted unless specifically controverted by an opposing statement. Should defendant file a motion for summary judgment, plaintiffs are advised that they will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be met by reliance upon the conclusory allegations contained within the complaint. Should the defendant's motion for summary judgment be supported by affidavit(s), plaintiffs must file counter-affidavits if they desires to contest defendant's statement of the facts, if the facts are evidentially supported. Should plaintiffs fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any evidentially supported factual assertions made in defendant's affidavits will be accepted as true and summary judgment will be entered against them pursuant to Fed. R. Civ. P. 56.

**SO ORDERED** this  31st  day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA