# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHN W. FERGUSON and CYNTHIA L. FERGUSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CV410-174 |
| AURORA LOAN SERVICES and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) ) ) |
| Defendants. | ) |

## O R D E R

For the third time plaintiffs move this Court for an injunction preventing defendants from foreclosing upon their home. (Doc. 10; *see* docs. 2, 3 & 5.) The Court denied their first two motions because the foreclosure date had passed prior to their submission of a valid *in forma pauperis* application.[1] (Doc. 8.) Presumably, the foreclosure date has been pushed back, though plaintiffs have not stated as much. They

---

[1] Their latest filing, as with their prior filings, includes a copy of their entire 23 page complaint but adds an additional section entitled "request for temporary injunction." (Doc. 10 at 23-24.) The plaintiffs are advised that they need not attach the 23 preliminary pages to every motion. The controversy has been well explained and need not be repeated *ad infinitum*.

insist, however, that the Court should issue a Fed. R. Civ. P. 65(b) injunction *without* notice to defendants. (Doc. 10 at 23-24.)

Under Rule 65(b), "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiffs' request is deficient in both respects. They have not submitted a properly verified complaint or affidavit showing "that immediate and irreparable injury, loss, or damage will result to the[m] before the adverse part[ies] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Nor have they have alleged or asserted that they made any efforts to give notice to defendants or provide any reasons showing why such notice should not be required in this case. They also have failed to produce any documentation, let alone show: (i) when they received notice of the foreclosure; or (ii) that requiring notice would be impractical because of an imminent foreclosure sale.

"The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process. *See Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer)." *Tchienkou v. Net Trust Mortg.*, 2010 WL 2375882 at *1 (W.D. Va. Jun. 9, 2010); *see also, Martin v. Puckett*, 2008 WL 4545331 at *3 (N.D. Ind. Oct. 10, 2008); *Conroy v. Avalos*, 2008 WL 752613 at *4 (D. Ariz. Mar. 19, 2008). Although the Court must construe plaintiffs' pro se pleadings liberally, that does not excuse them from compliance with substantive law and procedural rules. Their failure to provide Rule 65(b)(1)(B)-required information is fatal to their request. Accordingly, plaintiffs' motion for issuance of a Rule 65(b) temporary injunction without notice is **DENIED**.

**SO ORDERED** this 21st day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA