```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF GEORGIA
                        SAVANNAH DIVISION
```

| | |
|---|---|
| JOHN W. FERGUSON AND <br> CYNTHIA L. FERGUSON, <br><br> Plaintiffs, <br><br> vs. <br><br> AURORA LOAN SERVICES and <br> FEDERAL NATIONAL MORTGAGE <br> ASSOCIATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) <br> ) 4:10-CV-00174-BAE-GRS <br> ) <br> ) <br> ) <br> ) <br> ) |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

COME NOW Aurora Loan Services ("Aurora") and Federal National Mortgage Association ("FNMA"), Defendants herein, and, pursuant to Rule 4 and Rule 12(b)(2), (4), and (6) of the Federal Rules of Civil Procedure, submit this Brief in Support of their Motion to Dismiss. For the reasons set forth below, the Court should dismiss the Plaintiffs' Petition for failure to state a claim, because Plaintiffs' claims are barred by the statute of limitations, and because process and service of process are insufficient.

### I.   STATEMENT OF FACTS

On or about April 26, 2006, to secure a Note in the original principal amount of $147,150.00, Plaintiffs executed a Security Deed in favor of MERS as Nominee for Wilmington Finance. The Security Deed was recorded on May 17, 2006 in the

deed records of Effingham County, Georgia, at Book 1451, Page 443. The Note and Security Deed were subsequently assigned to Defendant Aurora. The Plaintiffs defaulted under the terms of the Note and the Security Deed, and on August 3, 2010, the subject property, 202 White Bluff Drive, Guyton, Georgia (the "Property") was sold at foreclosure. Defendant Aurora purchased the Property at the foreclosure sale for a high bid in the amount of $151,023.01. The Deed Under Power is recorded in the deed records of Effingham County at Book 1958, Page 11.

On August 2, 2010, the day before the foreclosure sale, Plaintiffs filed their original Petition against Aurora in this Court, seeking an injunction to enjoin the sale. Plaintiffs filed their Amended Complaint on September 3, 2010. The Amended Complaint adds FNMA as a Defendant and alleges that "Defendant FNMA knowingly and maliciously perpetrated a predicate act toward a carefully crafted connivance, in concert and collusion with the fraud of the other named Defendant(s), in furtherance of an ongoing criminal conspiracy to deprive Plaintiff and others similarly situated, their homes". Other than that one sentence, the Amended Petition is identical to the original. Plaintiffs' Petition further alleges that they were induced to enter into a predatory loan agreement, that they were charged false fees at settlement, that the Defendants violated TILA and RESPA, breach of fiduciary duty, negligence regarding the loan

closing, fraud, violations of good faith and fair dealing regarding the loan closing, and emotional distress.

## II. ARGUMENT AND CITATION OF AUTHORITY

Defendants move to dismiss the Petition for failure to state a claim upon which relief can be granted under Rule 12(b)(6) because the Petition fails to allege facts that state a plausible claim for relief; because Plaintiffs' claims are barred by the statute of limitations; and because process and service of process are insufficient.

A. <u>The Petition should be dismissed because Plaintiffs failed to state a claim upon which relief can be granted under the standards in *Twombly* and *Iqbal*.</u>

The Petition should be dismissed because it fails to meet the minimum pleading standards articulated by the United States Supreme Court in <u>Bell Atlantic Corporation v. Twombly</u>, 127 S.Ct. 1955 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) to survive a motion to dismiss.

In <u>Twombly</u>, the Supreme Court discussed what a plaintiff must plead in order to state a claim and survive a Rule 12(b)(6) dismissal. While noting that a complaint attacked under Rule 12(b)(6) does not need "detailed factual allegations," the Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." A plaintiff's "[f]actual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Put another way, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." The Supreme Court emphasized that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."

The Twombly Court also retired the often cited standard that a complaint should survive the Rule 12(b)(6) dismissal stage "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" The Supreme Court noted that a literal reading of this standard would mean that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." The Twombly Court explained that this standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Accordingly, the former pleading standard was replaced with the standard articulated in Twombly.

In Ashcroft v. Iqbal, the Supreme Court revisited the pleading standard and articulated two working principles that underlie Twombly. First, a court is not required to accept legal conclusions in a complaint as true at the Rule 12(b)(6) dismissal stage. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Rule 8's notice pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Second, a complaint will survive a motion to dismiss only if it states a plausible claim for relief. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."

The Petition fails to meet the minimum pleading standards in Twombly and Iqbal of alleging facts that state a plausible claim for relief. The Petition lacks even the barest hint of any allegations against either Aurora or FNMA; all the allegations contained in the Petition are related to the closing of the loan. The only allegation in any way involving FNMA is that "Defendant FNMA knowingly and maliciously perpetrated a predicate act toward a carefully crafted connivance, in concert and collusion with the fraud of the other named Defendant(s), in furtherance of an ongoing criminal conspiracy to deprive Plaintiff and others similarly situated, their homes". Defendants have read

and re-read the Petition and cannot find any specific allegations at all against Defendant Aurora. Furthermore, none of the allegations contained in the Petition are supported by any facts. Even if the Court found any of the allegations to be well-plead and supported, the allegations would not provide a basis for relief against Defendants Aurora or FNMA.

The Petition fails to state any claim against the Defendants. It is simply devoid of any facts or cognizable legal theories that support the allegations therein. Instead, Plaintiffs ramble on and provide no concise and/or direct statements as to legal theories or facts that would entitle them to relief. Overall, the allegations in the Petition are so confusing and otherwise inarticulate that the Petition's true substance, if any, is completely disguised.

Therefore, dismissal of the Petition is warranted because for failure to comply with Fed.R.Civ.P. 8 and the pleading standards set out in <u>Twombly</u> and <u>Iqbal</u>, in conjunction with failing to set forth any claim for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

B. <u>Plaintiffs' claims are time barred.</u>

Plaintiffs' claims of fraudulent inducement, that they were charged false fees at settlement, that the Defendants violated TILA and RESPA, negligence at the closing, fraud, emotional distress and negligence at the closing are all barred by the

statutes of limitations.

    1.   <u>TILA and RESPA</u>.

Pursuant to 15 U.S.C. § 1640(e), a claim for non-disclosure under TILA must be brought within one year of the violation, which occurs when the transaction is consummated. <u>Smith v. American Fin. Sys.</u>, 737 F.2d 1549 (11th Cir. 1984); <u>Wachtel v. West</u>, 476 F.2d 1062 (6th Cir. 1973); and pursuant to 15 U.S.C. § 1635(f), the right to rescind under TILA expires in three years. Plaintiffs signed the Security Deed and the underlying Note on April 26, 2006 and the original Petition was filed on August 2, 2010. More than four years have passed and Plaintiff's claims under TILA are time barred.

Similar to claims brought under TILA, RESPA claims are brought pursuant to subject to one of two statutes of limitations. The statute of limitations is one year for claims brought pursuant to § 2607 or § 2608; and the statute of limitations for claims brought pursuant to § 2605 is three years. <u>See</u> 12 U.S.C. § 2614. While Plaintiffs do not specify which RESPA statute was allegedly violated, the statute of limitations for each has expired. Statutes of limitations for RESPA claims begin running on the date of closing. <u>Snow v. First Am. Title Ins. Co.</u>, 332 F.3d 356, 359 (5th Cir. 2003). Plaintiffs signed the Security Deed and the underlying Note on

April 26, 2006. More than four years have passed and Plaintiff's claims under RESPA are time barred.

    2.  <u>Plaintiffs' remaining claims are also time barred.</u>

The remainder of Plaintiffs' claims are grounded in fraud. The statute of limitations for fraud, fraudulent inducement, and negligent misrepresentation is four years, pursuant to O.C.G.A. § 9-3-31. Further, the statute of limitation for emotional distress is two years pursuant to O.C.G.A. § 9-3-33. More than four years have passed and therefore, the Petition should be dismissed.

    C.  <u>Process and Service of Process are insufficient.</u>

Fed.R.Civ.P. 4 provides in relevant part as follows:

> (a) The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint.
>
> (b) Upon filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons if addressed to multiple defendants, shall be issued for each defendant to be served.
>
> (c)(1) A summons shall be served together with a copy of the complaint.

By definition, "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 444-45, 90 L. Ed. 185, 66 S. Ct. 242 (1946).

There has been no Summons of any kind signed by the Clerk or issued to any Defendant herein. See Court's file (further, the Clerk has confirmed to Defendants' counsel via telephone that no Summons issued, and the Marshal's Return of Service on Defendant Aurora reflects service of the Petition, Amended Petition and Order, but not a Summons).

Plaintiffs have failed to diligently perfect process in this matter and present a Summons to the Clerk for signature so same could be served with the Petition. Indeed, this is not a traditional insufficiency of process case where there is some defect appearing on the face of the Summons; here, there is no Summons at all and thus, because no Summons was served on Defendant Aurora, no process is perfected on Aurora as a matter of law. This failure by Plaintiffs has resulted in extreme prejudice to Defendant Aurora because without any valid Summons or service thereof, Defendant Aurora has no idea of the "...time within which the defendant[s] must appear and defend", and Defendant Aurora has not been properly "...notif[ied]...that failure to do so will result in a judgment by default against

the defendant for the relief demanded in the complaint." Fed.R.Civ.P. 4(a), 12(a)(1)(A). Considering the mandate of Fed.R.Civ.P. 4(c)(1) that "[a] summons shall be served together with a copy of the complaint" (emphasis added), it is clear that both process and service of process are completely lacking herein.

Further, Plaintiffs have failed to serve Defendant FNMA. Pursuant to Fed.R.Civ.P. 4, a plaintiff is to perfect service on a defendant within 120 days of the filing of the complaint. When serving a corporation, process may be served by serving a copy of the summons and complaint on an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process. Plaintiffs attempted to serve Defendant FNMA by having the Marshal serve FNMA at 1587 N.E. Expressway, Atlanta, Georgia. FNMA does not reside at that location. See Court's file. Therefore, Defendant FNMA has not been served with the Summons and Complaint within 120 days of the filing of the Complaint; furthermore, no Summons issued, so even if Defendant FNMA had been served with the Petition, the Amended Petition and the Order, process and service of process are lacking.

Plaintiff's *pro se* status is also unavailing in this regard. Although the substance of a *pro se* litigant's pleadings is considered with deference, *pro se* litigants have been

-10-

consistently required to comply strictly with the Federal Rules of Civil Procedure. McNeel v. United States, 113 S.Ct. 1980 (1993); Loren v. Sasser, 309 F.3d 1296 (11th Cir. 2002). *Pro se* plaintiffs are held to the strict service of process requirements that are clearly stated in Fed.R.Civ.P. 4. Loren, DiCesare v. Stuart, 12 F.3d 973 (10th Cir. 1993). Plaintiffs are not in any way excused from serving a Summons with the Petition or properly serving process within 120 days of the filing of the Petition, and their failure to do so is fatal to their cause.

### III. CONCLUSION

The Petition is littered with vague, conclusory, and otherwise insufficient allegations to state the claims Plaintiffs attempt to raise; the Petition contains no viable claims against Defendants Aurora and FNMA; all the claims raised in the Petitioin are barred by the statute of limitations; and process and service of process are lacking. Therefore, Defendants Aurora and FNMA request that the Court dismiss the Petition as a matter of law.

Respectfully submitted this 10th day of December, 2010.

By: /S/Kyle S. Kotake
Kyle S. Kotake
Georgia Bar No. 428697
Attorney for Defendants

JOHNSON & FREEDMAN, L.L.C
1587 Northeast Expressway
Atlanta, Georgia 30329
Telephone: (678) 298-883

Facsimile: (404)329-8144
Email: kskotake@jflegal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above Brief in Support of Motion to Dismiss was filed with the Clerk and mailed First Class Mail to the following in a properly-addressed envelope with adequate postage affixed to assure delivery, addressed as follows:

    John W. Ferguson
    202 White Bluff Dr.
    Guyton, GA 31312

    Cynthia L. Ferguson
    202 White Bluff Dr.
    Guyton, GA 31312

This 10th day of December, 2010.

                                  By: /S/Kyle S. Kotake
                                         Kyle S. Kotake
                                         Georgia Bar No. 428697
                                         Attorney for Defendants

JOHNSON & FREEDMAN, L.L.C
1587 Northeast Expressway
Atlanta, Georgia 30329
Telephone: (678) 298-8863
Facsimile: (404)329-8144
Email: kskotake@jflegal.com