UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

JOHN W. FERGUSON and

CYNTHIA L. FERGUSON, Pro Se
    Plaintiffs,
    v.                              CASE No.  CV 410-174
AURORA LOAN SERVICE LLC and FEDERAL

NATIONAL MORTGAGE ASSOCIATION
    Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES, JOHN W. and CYNTHIA L. FERGUSON, Plaintiffs Pro Se, to seek this Motion For Leave To File Amended Complaint;

### I. INTRODUCTION

1. Pursuant to the Federal Rules of Civil Procedure (FRCP) 15(a), Plaintiff respectfully requests Leave of Court to file a First Amended Complaint (Amended Complaint). The proposed Amended Complaint is attached hereto (Exhibit A.) It contains violations of Truth In Lending Act, which Plaintiff mistakenly asserted under Fraud in the original Complaint.

2. This Honorable court notes that Plaintiff's complaint was not plead with specificity.

3. Plaintiff has amended the complaint in two significant ways: a) Plaintiff has gained some knowledge of formatting and changed this to better reflect the rules; b.) Plaintiff has Amended the complaint to a more concise claim of Truth In Lending ( regulation z) Violations as opposed to Fraud (Amended Complaint attached as Exhibit A)

4. Plaintiff apologizes to this Honorable Court and to opposing counsel for deficiencies and general lack of knowledge as Plaintiffs is untrained in law and without assistance of counsel and are making a best effort attempt at things far beyond their scope of understanding.  Plaintiff now understands better that there are essential parties that need to be joined to this action and have also attached a Motion For Joinder of Essential Parties ( Exhibit B).

5. The esteemed Court is free to grant Plaintiff's Motion for Leave, in the Court's discretion, and should be granted

because: (1) FRCP Rule 15(a) states, "leave shall be freely given when justice so requires." The Court should freely grant Leave to Amend in order to permit parties to have their claims determined on their merits in a single action. (2) Defendants would not be unfairly prejudiced by the Amended Complaint since no discovery has been commenced and no trial date has been established.

## II. STATEMENT OF FACTS

6. Plaintiff filed the original Complaint on August 2, 2010 in this District Court.

7. Plaintiff wishes to amend the original Complaint, as allowed by FRCP 15(a) to include the further violations of law, Claim, supporting and updated Exhibits and corrections of technical and formatting errors.

## III. ARGUMENTS

8. The court should freely grant leave to Amend.

9. Leave to grant motion to amend is within the sound discretion of the Court. Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994); Arkansas-Platte & Gulf Partnership v. Dow Chemical Co., 886 F.Supp. 762, 765 (D.Colo. 1995). Pursuant to FRCP 15(a), "leave [to amend] shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Gillette, 17 F.3d at 312; FRCP 15(a). "If the underlying facts or circumstances relied upon by [the party seeking to amend] may be a proper subject of relief, [the party] ought to be afforded the opportunity to test its claim on the merits." Foman, 371 U.S. at 182. "The rules governing amendment and supplementing of pleadings are generally liberally construed in favor of permitting amendment, consistent with the goal of ensuring that all related claims are litigated in a single action." Arkansas-Platte, 886 F.Supp. at 765.

10. Defendants Will Not Be Unfairly Prejudiced By Amendment of the Complaint.

11. Defendants will not be unfairly prejudiced by the Amendment of the Complaint because adequate time still remains before trial for conduction of discovery concerning any new issues arising from the Amended Complaint. A trial date has not been set, and no discovery has been commenced.

12. While current Defendants counsel is likely to oppose this Motion, citing that the statute of limitations has run, it is Plaintiffs understanding that equitable tolling must be read into all federal statutes unless Congress specifically mandates otherwise. Plaintiff believes the principal of equitable tolling does apply. Further, any prejudice to

Defendants is overridden by a need to decide the case on its merits with all necessary parties included, not oversights or technical or formatting errors. "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Justice Black, Conley v. Gibson 355 U.S. 41 at 48(1957). Thus, Plaintiff should be permitted to amend the Complaint to include and clarify willful violations of law and to correct oversights and technical and formatting errors.

## IV. CONCLUSION

13. For the foregoing reasons, Plaintiff respectfully requests that this esteemed Court grant Plaintiff's Motion for Leave to File First Amended Complaint.

Respectfully submitted,

Plaintiffs, Pro Se
JOHN W. and CYNTHIA L. FERGUSON
202 White Bluff Drive
Guyton, Georgia 31312
Ph# 912-728-8984

Date: 12-9-2010