# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN W. FERGUSON and CYNTHIA L. FERGUSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CV410-174 |
| AURORA LOAN SERVICES and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

Defendants Aurora Loans Services ("Aurora") and Federal National Mortgage Association ("FNMA") have moved to dismiss plaintiffs' case. (Doc. 20.) Rather than responding to the motion to dismiss, plaintiffs moved to amend their complaint and join additional parties -- Wilmington Finance, Inc. ("Wilmington"), HSBC Mortgage Services ("HSBC"), and Mortgage Electronic Registration Systems, Inc., ("MERS"). (Docs. 21 & 22.) Defendants have not responded to the motions to amend and to add parties within the time period allotted, so the motions are unopposed by operation of Local Rule 7.5. S.D. Ga. LR 7.5 ("Failure to respond within the applicable time period shall indicate

that there is no opposition to a motion."). Accordingly, plaintiffs' motions are **GRANTED**. The amendments, however, do not cure the deficiencies identified by defendants in their motion to dismiss. Since plaintiffs have failed to state a claim for relief against any of the defendants, this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   BACKGROUND

*Pro se* plaintiffs John and Cynthia Ferguson dispute the legality of the August 2, 2010 foreclosure of their Guyton, Georgia home. Aurora and FNMA attacked the second of plaintiffs' three complaints. The third complaint substantially alters plaintiffs' claims and moots FNMA's and Aurora's motion to dismiss, but a discussion is still warranted here to track the controversy.

In their second complaint, plaintiffs alleged that defendants conspired to "deprive [them] and others similarly situated[] their homes." (Doc. 9 at 1.) Defendants allegedly "induced [plaintiffs] to enter into a predatory loan agreement," "failed to make proper notices" to them, "charged false fees . . . at settlement," and "initiated collection procedures, knowing said collection procedures . . . were frivolous. . . ."

(*Id.* at 1-2.)  The complaint's "causes of action" section lists six discrete claims: (1) breach of fiduciary duty; (2) negligence; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (4) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; and (5) intentional infliction of emotional distress.  (Doc. 9 at 19-23.)  Aurora and FNMA moved to dismiss the complaint contending that it fails under the Fed. R. Civ. P. 8's pleading standards.[1]  (Doc. 20-1.)

The second complaint read as an indictment of the entire banking system,[2] arguing that nearly every player in the system conspired and connived to rip off borrowers.  (Doc. 9 at 3-7.)  Aurora and FNMA were only the tip of the iceberg, so to speak.  Indeed, they are hardly mentioned anywhere in the 24 page complaint.  FNMA "knowingly and maliciously perpetrated a predicate act toward a carefully crafted connivance, in concert and collusion with the fraud of other named

---

[1] Defendants also argued that plaintiffs failed to properly serve the complaint under Fed. R. Civ. P. 4.  The Court rejects this contention.  Service here was made by United States Marshal.  Plaintiffs were entitled to rely on Marshal service.  *Fowler v. Jones*, 899 F.2d 1088, 1094-95 (11th Cir. 1990)  (by virtue of their *in forma pauperis* status, plaintiffs were entitled to rely on the court officers and the United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to any fault on plaintiffs' part).

[2] Incongruously and a bit disingenuously, plaintiffs state that it is not their intention "to indict the entire industry," but that is precisely what they have done.  (Doc. 9 at 2.)

Defendant(s), in furtherance of an ongoing criminal conspiracy to deprive Plaintiff and others similarly situated, their homes." (*Id.* at 1.) Aurora Loan Services "swooped in and convinced Americans to sell their homes, get out of their safe mortgage agreements, and speculate with the equity <u>they had gained</u> by purchasing homes they could not afford." (*Id.* at 9 (emphasis in original).) Elsewhere, plaintiffs refer to the "lender" or "defendants" without specifying who they are discussing. Indeed, plaintiffs hardly offer any non-conclusory factual averments.[3] In its entirety, the complaint consists of legal speculation interspersed with commentary purporting to explain the nation's current housing crisis.

The second complaint is mere legal gobbledygook.[4] Having examined it in detail, the Court cannot discern any valid, non-conclusory

---

[3] There are remarkably few factual contentions related to *this* case anywhere in plaintiffs' complaint. Plaintiffs allege that they "entered into a consumer contract for the refinance of a primary residence located at 202 White Bluff Dr Guyton GA 31312. . . ." (Doc. 9 at 2.) They also list of their loan settlement fees and then dispute them. (*Id.* at 12.) Finally, they state that were not provided with certain required information (which they list item by item) at the time of closing, in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. (*Id.* at 12-13.)

[4] Some of plaintiffs' claims actually involve defendants' defenses. For instance, they argue that the *defendants* lack standing to invoke the court's subject matter jurisdiction. (Doc. 9 at 8-9.)

claims that rise from the merely speculative to the plausible.[5]   Plaintiffs,
made aware of these critical flaws by defendants' motion to dismiss, have
offered a third complaint.   It is limited to two claims, one for
TILA/RESPA violations and another to quiet title.   (Doc. 23 at 3-11.)
Plaintiffs have also added additional parties, MERS, HSBC, and
Wilmington Finance. (*Id.*)

## III.   ANALYSIS

Since plaintiffs are proceeding *in forma pauperis*, they are subject
to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires a court to *sua sponte*
dismiss such claims that "fail[] to state a claim on which relief may be
granted." Dismissal under § 1915(e)(2)(B)(ii) is governed by the same
standard as a dismissal under Fed. R. Civ. P. 12(b)(6). *Mitchell v.
Farcass*, 112 F.3d 1483, 1490 (11th Cir.1997).   If a complaint fails to

---

[5] Critically, as Aurora and FNMA point out, plaintiffs' claims relate to the
closing of the home loan.  (Doc. 20-1 at 5; doc. 9 at 19-23 (complaint).)   Aurora,
however, was assigned the deed *after* closing, and it is entirely unclear how FNMA
was involved at all.   The only way, then, to bring these defendants in is through
plaintiffs' assertion that they "conspired" with the lender and the lender's agents to
defraud them.   Plaintiffs, however, have not offered any facially plausible facts
remotely suggesting that Aurora and FNMA were part of a massive banking
conspiracy targeting American home owners.   Merely citing to such a conspiracy is
simply insufficient to state a survivable claim. *See   Edwards v. Prime, Inc.*, 602 F.3d
1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and
abetting' without any more explanation of the grounds of the plaintiffs' entitlement
to relief is insufficient.").

meet Rule 8's pleading standards, it is subject to dismissal under Rule

12(b)(6), and as explained by the Eleventh Circuit, the Rule 8 standard is

not toothless:

> "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to
> provide the 'grounds' of his entitle[ment] to relief' requires more
> than labels and conclusions, and a formulaic recitation of the
> elements of a cause of action will not do." *Bell Atl. Corp. v.
> Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)
> (internal citations omitted). "Factual allegations must be enough to
> raise a right to relief above the speculative level." *Id*. at 555, 127 S.
> Ct. at 1965 (citation omitted). At the pleading stage, Federal Rule
> of Civil Procedure 8(a)(2) requires that "the plain statement
> possess enough heft to show that the pleader is entitled to relief."
> *Id*. at 557, 127 S. Ct. at 1966 (internal quotations omitted).

*Williams v. Brown*, 347 F. App'x 429, 434-35 (11th Cir. 2009)

(unpublished); *Gadson v. Chatham County Sheriff Dep't*, 2009 WL

1288866 at * 1 (S.D. Ga. May 8, 2009) (unpublished) (applying dismissal

standards to *pro se* complaints and reminding that, while complaint

language may be construed liberally, the same pleading rules apply to *pro

se* litigants as represented litigants, and judges may not advocate for

them).  Hence, plaintiff must set forth a claim for relief that is factually

supported and rises above the speculative level. *Aschcroft v. Iqbal*, 556

U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory

statements, do not suffice" under Rule 8 of the Federal Rules of Civil Procedure.).

Plaintiffs' third complaint, as with the second, fails to surmount this pleading threshold, and thus must be dismissed under § 1915(e)(2)(B)(ii).  They still have not offered any non-conclusory facts showing that any of the defendants engaged in any unlawful practices that caused them harm.  Instead, they conclusorily allege that defendants violated TILA and RESPA, hence they retain the right to rescind their home loan agreement. (Doc. 23 at 4-8.)  That is not enough.

Without doubt, the threatened loss of one's home through foreclosure proceedings is a disruptive and stressful matter.  The Court, however, cannot permit a case to proceed premised purely upon sympathy.  Plaintiffs simply *must* state a claim for relief.  While they claim that their "preliminary forensic audit" shows that certain TILA or RESPA violations occurred, they have not spelled them out.  Instead, citing pre-*Twombly* cases, they claim that are not required to plead the specific TILA violations under which they are proceeding. (Doc. 23 at 3.) *Twombly*'s pleading standards *do* apply to this case. *E.g.*, *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 835-36 (11th Cir. 2010) (applying

*Twombly* and *Iqbal* to RESPA and TILA claims).   Plaintiffs therefore must allege some non-conclusory facts showing that a particular defendant or group of defendants committed a RESPA or TILA violation and that the violation gave rise to a private cause of action.   They have not done so in the five months this case has been pending, and the Court is satisfied that they simply cannot do so.

Additionally, plaintiffs recognize that the limitations period for their cause of action under the federal statutes has likely elapsed.  (Doc. 23 at 4-5.)  They rather weakly suggest that they are entitled to equitable tolling of those time periods because "until news reports surfaced of deceptive practices of large financial institutions," they "had no reason to even suspect that government regulated financial institutions would commit such acts and could not have discovered even the possibility of such concealed acts."  (*Id.* at 3-4.)  Equitable tolling would not save such a claim.   Plaintiffs do not even suggest that the named defendants concealed some fraud, *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 707-8 (11th Cir. 1998);  instead, they simply note that they did not become aware of the potential for TILA or RESPA violations until they heard about widespread abusive foreclosure practices from the news.

Since plaintiffs' RESPA and TILA claims fail, their quiet title claim, which relies upon their RESPA and TILA claims, necessarily fails as well. That claim simply reiterates the RESPA and TILA issues and then states that they anticipate that defendants will sell their home.[6] (Doc. 23 at 9-10.) Since plaintiffs' claims fail under Rule 8, their third complaint is subject to dismissal under Rule 12(b)(6).

## III. CONCLUSION

For all of the reasons explained above, Aurora and FNMA's motion to dismiss (doc. 20) is **DENIED** as moot. Plaintiffs' motions to amend and join parties (docs. 21 & 22) are **GRANTED**. Nevertheless, plaintiffs' amended complaint should be **DISMISSED** for failure to state a claim for relief.

**SO REPORTED AND RECOMMENDED** this  3rd  day of February, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[6] The home has already been sold. Aurora purchased it from the foreclosure auction. (Doc. 20-1 at 2.)