UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN W. FERGUSON and CYNTHIA L. FERGUSON, Pro Se </br></br>　　　　Plaintiff, </br></br>vs. </br></br>AURORA LOAN SERVICES LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, </br></br>　　　　Defendant | ) Case No.: CV 410-174 </br>) </br>) </br>) </br>) **OBJECTIONS TO MAGISTRATE REPORT** </br>) **AND RECOMMENDATIONS** </br>) </br>) </br>) </br>) </br>) </br>) |

NOW COMES Plaintiffs, JOHN W. and CYNTHIA L. FERGUSON, Pro Se, with Objections to Magistrate Report and Recommendations.

As stated in the "Report and Recommendations", offered by the Honorable Magistrate Judge Smith,

"*Williams v. Brown,* 347 F. App'x 429, 434-35 (11th Cir. 2009) (unpublished); *Gadson v. Chatham County Sheriff Dep't,* 2009 WL 1288866 at * 1 (S.D. Ga. May 8, 2009) (unpublished) (applying dismissal standards to *pro se* complaints and reminding that, while complaint language may be construed liberally, the same pleading rules apply to *pro se* litigants as represented litigants, and judges may not advocate for them)." and also adds "Plaintiffs, made aware of these critical flaws by defendants' motion to dismiss, have offered a third complaint. It is limited to two claims, one for TILA/RESPA violations and another to quiet title. (Doc. 23 at 3-11.) Plaintiffs have also added additional parties, MERS, HSBC, and Wilmington Finance."

Plaintiffs understand while the spirit of these rules is to settle controversies upon their merits rather than to dismiss actions on technical grounds, to permit amendments liberally, and to avoid if possible depriving a litigant of a chance to bring his case to trial. Fierstein v. Piper Aircraft Corp., D.C.Pa. 1948, 79 F.Supp. 217.

Report goes on and states, " The second complaint is mere legal gobbledygook."

[Summary of pleading] - 1

Plaintiffs found no legal definition in Black's Law Dictionary or Bouviers Law Dictionary to support this legal term, however understand and agree completely.

Federal Rule of Civil Procedure 17(a) (1) which requires that "[a]n action must be prosecuted in the name of the real party in interest." See also, In re *Jacobson*, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); In re *Hwang*, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008).

*Plaintiffs will establish the Real Party of Interest...and ask the court to require Defendants to present the original promissory note for "in camera inspection".*

The Honorable Magistrate Judge Smith also reports, "⁵ Critically, as Aurora and FNMA point out, plaintiffs' claims relate to the closing of the home loan. (Doc. 20-1 at 5; doc. 9 at 19-23 (complaint).) Aurora, however, was assigned the deed *after* closing, and it is entirely unclear how FNMA was involved at all. The only way, then, to bring these defendants in is through plaintiffs' assertion that they "conspired" with the lender and the lender's agents to defraud them. Plaintiffs, however, have not offered any facially plausible facts remotely suggesting that Aurora and FNMA were part of a massive banking conspiracy targeting American home owners. Merely citing to such a conspiracy is simply insufficient to state a survivable claim. See *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient.")."

Plaintiffs have made every attempt to ascertain who the real party in interest is, who holds the promissory note/asset/deed of trust in order to ascertain who has legal rights.

The loan on said property was rescinded as of April 7, 2010 pursuant to Reg. Z §§ 226.15(a)(2), 226.23(a)(2), Official Staff Commentary § 226.23(a)(2)-1) and 15 U.S.C. § 1635(b). Notice was

filed with the Georgia Superior Court Clerks office and entered into Book 1928, page 306. The statute and regulation specify that the security interest (deed of trust), promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d) (1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.). Also, the security interest is void and of no legal effect irrespective *of whether the creditor makes any affirmative response to the notice*. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute and not subject to judicial modification. **UNLESS WITHIN 20 DAYS the lender files a declaratory action contesting the right to rescission. Time has elapsed nothing filed or on file.**

Plaintiffs further understand TILA does not require Plaintiff to notify Defendants of specific violations. Under the Federal Rules of Civil Procedures, (Fed. R. Civ. P. 8(a) it may be sufficient to plead that TILA has been violated, specific violations do not necessarily have to be alleged with particularity, (Brown v. Mortgagestar, 194 F. Supp. 2d 473 (S.D. W. Va. 2002) (notice pleading is all that is required in TILA case); Herrara v. North & Kimball Group, Inc., 2002 WL 253019 (N.D. Ill. Feb.. 20, 2002) (notice pleading sufficient; response to motion to dismiss can supplement complaint by alleging facts re specific documents assigned); Staley v. Americorp. Credit Corp., 164 F. Supp. 2d 578 (D. Md. 2001) (John Henry Doe, Pro Se need not specify specific statute or regulations that entitle him to relief; court will examine complaint for relief on any possible legal theory); Hill v. GFC Loan Co., 2000 U.S. Dist. Lexis 4345 (N.D. Ill. Feb. 15, 2000).

Defendants Aurora and FNMA continue as parties to the Illegal foreclosure sale of August 3, 2010. As stated in their Motion to Dismiss, (Doc. 20)"Defendant Aurora purchased the Property at the foreclosure sale for a high bid in the amount of $151,023.01.

The Deed Under Power is recored in the deed records of Effingham County at Book 1958, Page 11." (Doc. 20 at 6-9)

Plaintiffs know Defendants as servicer or subservicer and not a secured creditor.

As such A PARTY "HOLDING" THE NOTE FOR "ENFORCEMENT" may be able to "enforce" via a "judicial foreclosure stating the agency relationship, and cannot CONDUCT A "NON-JUDICIAL" foreclosure sale.

(The following court case was unpublished and hidden from the public) *Wells Fargo, Litton Loan v. Farmer,* 867 N.Y.S.2d 21 (2008). Wells Fargo does not own the mortgage loan. "Indeed, no more than (affidavits) is necessary to make the prima facie case." *United States v. Kis,* 658 F.2d, 526 (7th Cir. 1981). prima facie evidence THAT THE PARTY CONDUCTING THE NON-JUDICIAL FORECLOSURE IS NOT THE SECURED CREDITOR AND MAY NOT BRING FORTH THE ACTION NON-JUDICIALLY! OCGA § 44-14-162. Sales Made On Foreclosure Under Power Of Sale — Manner Of Advertisement And Conduct Necessary For Validity.

As to "RELIEF sought by Plaintiffs", we offer the following, as stated in our Amended third complaint, (Doc. 23 ) "WHEREFORE, for the reasons set forth in paragraphs 1 through 26, inclusive, the Plaintiffs seeks Declaratory Judgment that any claims/security interest/the Defendants and each of them purports to hold, real or implied is void/extinguished as a result of violations in TILA/RESPA/REG Z and rescission is therefore enforced.

COUNT II "QUIET TITLE"

WHEREFORE, for the reasons set forth in paragraphs 1 through 32, inclusive Plaintiffs seek a declaration that the title to the subject property is vested in Plaintiff alone.

Defendant(s) herein and each of them, be declared to have no estate, right, title or interest in the subject property and that said Defendant(s) each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiff herein.

Plaintiffs seek an order compelling said Defendant(s) and each of them to transfer legal title of the subject property to Plaintiffs herein.

Plaintiffs also seek any such other relief the court may deem proper."

Plaintiffs take pause with the reports Analysis, and agree that Plaintiffs are proceeding *in forma pauperis and as Pro Se litigants. While working with limited resources and the short learning cure of only five months, we pray that the GRANTED motions to amend and join parties (docs 21 & 22) be allowed to move forward on its merits and reviewed with judicial experience and common sense.* <u>Supreme Court Amplifies the *Twombly* Pleading Standard May 26, 2009.</u>

*The Underlying Principles of Twombly Decision: Rejection of "Legal Conclusions" and the "Plausible" Claim Requirement*

The Court also highlighted two working principles underlying the *Twombly* decision. *First*, the Court noted that although a court must accept as true all of the allegations contained in a complaint, it need not accept as true assertions of mere legal conclusions. The Court recognized that while Rule 8 requires only a short and plain statement, it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" or allegations simply reciting the elements of a cause of action.

*Second*, to survive a motion to dismiss, *Iqbal* requires that a complaint state a plausible claim for relief based on a defendant's misconduct and not just the mere possibility that a defendant's actions constituted misconduct. **The Court noted that determining whether a claim for relief is plausible will be context-specific and will require the reviewing court to "draw on its judicial experience and common sense."** Indeed, the Court found that while the *Iqbal* plaintiff's factual allegations of Ashcroft and Mueller's actions were consistent with a finding of purposeful misconduct, there were "more likely explanations" for the conduct. Specifically, the Court found that the plaintiffs' arrest and the disproportionate detention of Arab Muslims following the September 11 attacks were not based solely on purposeful and unconstitutional discrimination on the basis of religion, race, or national origin. The "more likely explanations" for the Defendants' conduct precluded a finding of plausibility of plaintiffs' claim of wrongdoing.

Plaintiffs, JOHN W. FERGUSON and CYNTHIA L. FERGUSON, do affirm under penalty of perjury that the above stated is true, correct and not meant to be misleading.

Respectfully Submitted,

*[signatures: John W. Ferguson and Cynthia L. Ferguson]*

JOHN W. FERGUSON and CYNTHIA L. FERGUSON      Dated February 16, 2011

202 White Bluff Drive

Guyton, Georgia 31312

912-728-8984